**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MARTHA FLORES, | ) | |
| ID # 30814-177, | ) | |
| Movant, | ) | No. 3:13-CV-3438-N (BH) |
| vs. | ) | No. 3:03-CR-0188-N (08) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct her sentence should be transferred to the Fifth Circuit as a successive motion.

**I. BACKGROUND**

On August 13, 2013, Martha Flores (Movant), an inmate in the federal prison system, filed a *Motion to Correct Sentencing Pursuant to 18 U.S.C. § 3582 and U.S. Supreme Court Decision in Alleyne v. U.S.*, in her criminal case. On August 27, 2013, this motion was construed as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, this new civil case was opened, and the motion was filed in this new case. (*See* doc. 2).

Movant was convicted of conspiracy to possess with intent to distribute and distribution of a controlled substance and was sentenced on November 11, 2004, to 292 months imprisonment, followed by a five-year term of supervised release. (No. 3:03-cr-188-N-8, doc. 785). Movant filed a notice of appeal on November 15, 2004, and on February 9, 2007, the Fifth Circuit Court of Appeals affirmed her conviction and sentence in an unpublished opinion. *United States v. Flores*, No. 04-11414 (5th Cir. Feb. 9, 2007). She did not file a petition for writ of certiorari with the

Supreme Court. Movant subsequently filed a motion to vacate pursuant to § 2255, and it was dismissed with prejudice as barred by the statute of limitations. *United States v. Flores*, No. 3:10-CV-1490-N (N.D. Tex. Oct. 29, 2010). The Fifth Circuit affirmed on August 9, 2011. *See United States v. Flores*, No. 10-11164 (5th Cir. Aug. 9, 2011).

Movant now contends that her sentence should be corrected based on a recent Supreme Court case.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

While construction Movant's filing as a § 2255 motion is appropriate, *see United States v. Bailey*, 265 Fed. App'x 426 (5th Cir. Feb. 19, 2008), she has already filed a prior § 2255 motion. A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the [defendant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* movant was required to present all available claims related to her conviction or sentence in her first motion to vacate. This "requirement serves the singularly salutary purpose

2

of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Here, Movant challenges the same conviction as in her prior motion to vacate, which was denied as barred by the statute of limitations. Because she now raises claims that she could have raised in her earlier motion, this action is successive within the meaning of § 2255. *See United States v. Johnson*, 303 Fed. App'x 241 (5th Cir. Dec. 18, 2008) (affirming a district court's dismissal as a successive writ a motion seeking a reduction of sentence under 18 U.S.C. § 3742 where the movant had already filed a § 2255 motion).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Movant contends that a recent Supreme Court case should result in her sentence being vacated. Because the Fifth Circuit has not issued an order authorizing the district court to consider

3

a successive § 2255 motion, this Court lacks jurisdiction to consider her new § 2255 motion.

### III. RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 28th day of August, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE